IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00567-REB-MEH

NATIONAL ASSOCIATION OF INVESTORS CORPORATION, a Michigan non-profit corporation,

    Plaintiff,

v.

BIVIO, INC., a Delaware corporation,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is the portion of Plaintiff/Counter-Defendant's Notice of Motion and Motion to Re-Schedule Settlement Conference and Amend Scheduling Order [filed July 23, 2010; docket #15] remaining for adjudication. (*See* dockets ##17, 20.) In its motion, Plaintiff requests an extension of time to serve discovery past July 15, 2010, which is the date designated in the Scheduling Order. (Docket #13 at 4.) For the following reasons, the Court **GRANTS** Plaintiff's request.

    Defendant correctly points out that if a party discovers it needs an extension of time after a deadline has expired, any extension must be supported by a statement of excusable neglect. *Maddox v. Venezio*, No. 09-cv-01000-WYD-MEH, 2010 WL 2363555, at *1-2 (D. Colo. June 10, 2010) (citing Fed. R. Civ. P. 6(b)(1)(B)). Counsel for Plaintiff offers only "pure inadvertence of NAIC's counsel" as the explanation for failing to serve certain interrogatories by July 15, 2010. (Docket #15 at 3.) Defendant argues that inadvertence is insufficient to establish excusable neglect. (Docket #19 at 2.) In reply, Plaintiff cites to Tenth Circuit jurisprudence indicating that excusable neglect is

"somewhat elastic" and a balance of four factors favors granting Plaintiff's motion. (Docket #22 at 2-3.)

Federal Rule of Civil Procedure 16, which governs Scheduling Orders, provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 6(b)(1)(B) establishes that the Court, for good cause, may extend a specified time in which an act may or must be done "on motion made after the time has expired if the party failed to act because of excusable neglect." Here, the deadline set by the Scheduling Order for service of interrogatories, requests for production of documents and requests for admission was July 15, 2010. (Docket #13 at 4.) Plaintiff filed its motion on July 23, 2010, clearly after the time had expired. Thus, the Court agrees with Defendant that the excusable neglect standard applies to the motion at hand. However, after review of the balancing factors cited by Plaintiff, the Court finds the balance tips in favor of granting Plaintiff's request.

Plaintiff recites the four factor test set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), adopted by the Tenth Circuit in *City of Chanute, Kansas v. Williams Natural Gas Co.*, 31 F.3d 1041 (10th Cir. 1994). *Pioneer* instructs courts to "tak[e] account of all relevant circumstances surrounding the party's omission," and specifically to consider: 1) the danger of prejudice to the nonmoving party; 2) the length of the delay; 3) the reason for the delay; and 4) whether the movant acted in good faith. *City of Chanute*, 31 F.3d at 1046 (citations omitted). The Court believes that, because the delay is more of a matter of days than a longer period of time, and discovery does not close until September 30, 2010, the first two factors favor Plaintiff. As to the reason for the delay, the Court agrees with Defendant that inadvertence does not constitute excusable neglect, but the Court also accepts the reasoning for the delay as stated by Plaintiff in its reply. (*See* docket #22 at 2.) This factor, although weighing in favor of Defendant,

in these circumstances does not weigh dispositively but is countered by the total circumstances. Last, the Court accepts Plaintiff's representation that it brings this motion in good faith, as it is not attempting to prejudice Defendant nor does it believe granting the motion results in any prejudice to Defendant or the judicial proceeding generally.

The Court concludes that a denial of Plaintiff's request to serve written discovery within days after the deadline but still weeks before the discovery cutoff could result in a distinct injustice, and the four *Pioneer* factors ultimately persuade the Court that Plaintiff's motion should be granted. However, the Court emphasizes to both parties in this action that set deadlines must be respected. Any delay caused by future inadvertence may prompt a different result.

Accordingly, Plaintiff/Counter-Defendant's Notice of Motion and Motion to Re-Schedule Settlement Conference and Amend Scheduling Order [filed July 23, 2010; docket #15] is **granted** as follows. Plaintiff shall serve any interrogatories, requests for production of documents and requests for admission to Defendant on or before Friday, **August 6, 2010**.

SO ORDERED.

Dated at Denver, Colorado, this 4th day of August, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge