IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00567-WJM-MEH

NATIONAL ASSOCIATION OF INVESTORS CORPORATION, a Michigan non-profit corporation,

      Plaintiff,

v.

BIVIO, INC., a Delaware corporation,

      Defendant and Third Party Plaintiff,

v.

ICLUBCENTRAL INC.,

      Third Party Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff's Motion to Drop or Sever ICLUBCentral, Inc. pursuant to F.R. Civ. P. 21 [filed February 21, 2011; docket #94]. The motion is referred to this Court for disposition. (Docket #98.) Defendant responded within the time required by the Court; Plaintiff did not file a reply. (*See* docket #100.) For the reasons stated below, the Court **DENIES** Plaintiff's motion.

**I.**    **Background**

      Plaintiff NAIC commenced this breach of contract action on March 10, 2010. (Docket #1.) The facts of this matter arise from a business relationship between Plaintiff NAIC and Defendant Bivio, memorialized in an "Alliance Agreement." (*Id*. at 2.) Defendant Bivio answered on April 20, 2010, and asserted a counterclaim for breach of contract against NAIC. (Docket #8.) Part of

Defendant's breach of contract claim included an allegation that NAIC assigned the Alliance Agreement without Defendant's consent. (*Id.* at 5.) The factual allegations in the Amended Answer describe a "separate and secret" business relationship between NAIC and ICLUBCentral, Inc. ("ICLUB"), specifically contending that these two entities merged without the knowledge of Defendant, and the merger resulted in the deprivation of the benefit of the Alliance Agreement for Defendant. (*Id.* at 4-5.)

The Court permitted Defendant to file an Amended Answer adding Defendant ICLUB as a party on November 5, 2010. (Docket #43.) Defendant filed its motion requesting this permission on October 21, 2010; Plaintiff represented it did not oppose the granting of Defendant's request in a notice filed November 5, 2010. (*See* dockets ##33, 41.) The Amended Answer included four counterclaims additional to the first for breach of contract against NAIC, as follows: 2) against ICLUB for tortious interference with contract; 3) against ICLUB for unauthorized use of Defendant's confidential information; 4) against NAIC and ICLUB for civil conspiracy; and 5) against ICLUB for breach of a settlement agreement entered into by ICLUB and Defendant. (*See* docket #44.) Counsel for Plaintiff NAIC entered his appearance on behalf of ICLUB on December 19, 2010. (*See* docket #60.)

In the motion at hand, Plaintiff moves the Court to drop or sever ICLUB as a party to this lawsuit pursuant to Fed. R. Civ. P. 21. (Docket #94.) Plaintiff asserts that "[t]here is no common nucleus of fact as between NAIC and ICLUB." (*Id.* at 6.) Plaintiff contends that Defendant's allegations against NAIC arise from the Alliance Agreement, and the allegations against ICLUB arise from an unrelated settlement agreement; "each agreement is independent of the other." (*Id.* at 7.) Plaintiff avers that the agreements are governed by different law as well, the Alliance Agreement by Michigan law and the settlement agreement by Colorado law. (*Id.*) Plaintiff

additionally argues that Defendant has unduly delayed the proceedings by adding ICLUB to the action. (*Id*. at 11.) Plaintiff reiterates the reasoning stated in its motion to dismiss, asserting Defendant Bivio fails to state a claim upon which relief can be granted against ICLUB. (*See id.* at 10.)

In response, Defendant Bivio explains that the proper standard for severance under Rule 21 is whether the party has been misjoined pursuant to Rule 20(a). (Docket #104 at 1.) Defendant asserts it meets the Rule 20(a) test for permissive joinder of ICLUB, as the claims against both NAIC and ICLUB "arise out of the same set of transactions and occurrences and are closely connected." (*Id*. at 2.) Defendant claims that NAIC's 12(b)(6) arguments are irrelevant to making a determination on joinder. (*Id*. at 3.) Moreover, Defendant recites a number of docket entries from this matter reflecting NAIC's "repeated failure to meet deadlines," thus making its delay argument disingenuous. (*See id*.) In sum, Defendant asserts that the separation of its counterclaims "would be grossly inefficient, as it would result in duplication of discovery and presentation of evidence." (*Id*. at 4.)

**II.   Discussion**

Fed. R. Civ. P. 21 governs misjoinder and nonjoinder of parties, providing that "[t]he court may [ ] sever any claim against a party." Severance under Rule 21 creates a separate case. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991). A trial court has broad discretion on whether to sever parties or claims. *German by German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995).

"The cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1683 (3d ed. 2010). The joinder of

claims against multiple defendants in a single action is governed by Federal Rule of Civil Procedure 20(a)(2), which provides that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added); *see also Watson v. Blankenship*, 20 F.3d 383, 389 (10th Cir. 1994). The permissive joinder rule is to be construed liberally "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010); *see also League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20(a) is to address the 'broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966); *see also Hagan v. Rogers*, 570 F.3d 146, 152 (3d Cir. 2009).

Under Rule 21, "[i]f the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir. 1997). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Upon a finding of misjoinder, a court has "two remedial options: (a) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately." *DirecTV, Inc. v. Leto,* 467 F.3d 842, 845 (3d Cir. 2006) (citing Fed. R. Civ. P. 21).

Here, the Court finds that Defendant Bivio has met the requirements for Rule 20(a) joinder of ICLUB as a third party defendant. Specifically, it appears to the Court that but-for the relationship between NAIC and ICLUB, Defendant may not have any claims at all. After review

4

of the Amended Answer, the Court agrees with Defendant's assertion that the breach of contract claim against NAIC and the claims against ICLUB for tortiously inducing such breach and conspiring with NAIC to do so appear linked to the extent that separation of the claims would be inefficient and inexpeditious. Consideration of the remaining claims produces no different result; Defendant's claim against ICLUB for the unauthorized use of its confidential information arises from the production of such information to ICLUB by NAIC, and the claim against ICLUB for breach of a settlement agreement arises from the disclosure of the agreement's terms by ICLUB to NAIC. (*See* docket #44 at 5-6, 8.) Therefore, the Court concludes that Third Party Defendant ICLUB is not misjoined pursuant to Rule 21 (and Rule 20(a)(2)), and Defendant Bivio's claims against ICLUB should not be severed from those against Plaintiff NAIC.[1]

### III.   Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion to Drop or Sever ICLUBCentral, Inc. pursuant to F.R. Civ. P. 21 [filed February 21, 2011; docket #94].

Dated this 21st day of March, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] The Court agrees with Defendant that a Rule 12(b)(6) analysis in its adjudication of this motion would be inappropriate. Regarding delay, the Court does not find compelling Plaintiff's argument, particularly in light of its initial non-opposition to the addition of ICLUB nearly three months prior to the filing of the motion at hand.